UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LANCE CODY,<br><br>       Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>       Defendant. | Case No. 3:16-cv-05664-KLS<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court finds defendant's decision to deny benefits should be affirmed.

### FACTUAL AND PROCEDURAL HISTORY

On April 26, 2012, plaintiff filed an application for disability insurance benefits and another one for SSI benefits, alleging in both applications that he became disabled beginning October 1, 2009. Dkt. 9, Administrative Record (AR) 16. That application was denied on initial administrative review and on reconsideration. *Id.*

A hearing was held before an Administrative Law Judge (ALJ), at which plaintiff appeared and testified, as did a vocational expert. AR 39-100. In a written decision dated January

ORDER - 1

27, 2015, the ALJ found that plaintiff could perform other jobs existing in significant numbers in the national economy, and therefore that he was not disabled. AR 16-32. On June 15, 2016, the Appeals Council denied plaintiff's request for review of that decision, making it the Commissioner's final decision, which plaintiff then appealed in a complaint filed with this Court on July 28, 2016. AR 1; Dkt. 1; 20 C.F.R. § 404.981, § 416.1481.

Plaintiff seeks reversal of the ALJ's decision and remand for payment of benefits, arguing the ALJ erred in rejecting the opinion of Mark Wentworth, M.D., and in assessing plaintiff's credibility. For the reasons set forth below, however, the Court disagrees that the ALJ erred as alleged, and thus finds the decision to deny benefits should be affirmed.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to

ORDER - 2

determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

I.  The ALJ's Evaluation of Dr. Wentworth's Opinion

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions solely of the [ALJ]." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such situations, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

ORDER - 3

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

With respect to the opinion evidence from Dr. Wentworth, the ALJ found:

> In February 2014, Dr. Wentworth opined that the claimant could occasionally lift up to 20 pounds; he could occasionally carry up to 10 pounds; he could sit for 20 minutes at a time and for two hours total in an eight-hour workday; he could stand for 20 minutes at a time and for two hours total in an eight-hour workday; he could walk for 15 minutes at a time and for up to one hour in an eight-hour workday; he could never push/pull bilaterally; he could

ORDER - 4

>occasionally reach in any direction, including overhead, bilaterally; he could frequently handle or finger bilaterally; he could occasionally feel with the right upper extremity; he could frequently feel with the left upper extremity; he could occasionally perform foot controls with the right foot; he could never perform foot controls with the left foot; he could occasionally balance or climb stairs and ramps; he could never stoop, kneel, crouch, crawl, or climb ladders and scaffolds; he could occasionally operate a motor vehicle, be exposed to humidity and wetness, be exposed to dust, odors, fumes, and pulmonary irritants, or be exposed to moderate noise; he could never work at unprotected [sic], with moving mechanical parts, in extreme heat or cold, or in an environment that has vibrations. Dr. Wentworth opined that the claimant has had these limitations since 1991.
>
>Little weight is given to Dr. Wentworth's opinion. While Dr. Wentworth indicated that these limitations were based on MRI[s], it is quite obvious that most of these limitations are based solely on the claimant's statements and not on the MRIs or objective findings during examination. As discussed above, in April 2012, Dr. [Ryan Halpin] noted that the claimant's cervical and lumbar spine MRIs were almost normal except for a small disc protrusion in [the] thoracic spine and mild degenerative changes in the lumbar spine. Dr. Wentworth's examination history indicates that the claimant had controlled pain, good strength, and no ambulation difficulties. In May 2013, Mark Wentworth, M.D., reported that the claimant had no [sic] full range of motion in his neck and no signs of tenderness. Similarly, the claimant's lumbar spine had no signs of tenderness to palpation or pain on examination. The claimant was able to complete normal lumbosacral spine movements and demonstrated 5/5 strength throughout. Dr. Wentworth found that the claimant's back pain was stable on medication. Interestingly, he also puts the onset back to 1991, which is entirely inconsistent with the above cited treatment notes in April 2012 and also inconsistent with the fact that the claimant worked after 1991. It appears that this was written based on statements by the claimant only and not any objective evidence at all.

AR 29 (internal citations omitted). Plaintiff argues the ALJ failed to provide valid reasons for not accepting Dr. Wentworth's opinion. The Court disagrees.

First, plaintiff takes issue with the ALJ's determination that the MRI findings on which Dr. Wentworth stated he based his opinion, did not actually support that opinion. Specifically, plaintiff asserts the ALJ did not explain how the MRI findings undermined Dr. Wentworth's opinion, and instead improperly supported her own lay opinion for that of Dr. Wentworth. But the ALJ did point to Dr. Halpin's observation in April 2012, that those findings were "essentially

ORDER - 5

normal," with at most "mild" degenerative changes, and as plaintiff notes Dr. Halpin opined as well that his condition did not warrant surgery or other similar medical intervention. AR 592; *see also* 595. Other MRI findings were similarly unremarkable. AR 514-15, 541, 584, 598.

Nor does the Court find the ALJ improperly acted as her own medical expert, given Dr. Halpin's evaluation of the MRI findings just noted and his obvious medical expertise as a licensed physician. *See Whitney v. Schweiker*, 695 F.2d 784, 788 (7th Cir. 1982) (an ALJ should avoid commenting on the meaning of objective medical findings without supporting medical expert testimony). Plaintiff attempts to call into question the ALJ's reliance on Dr. Halpin's observation by arguing Dr. Halpin did not offer a functional assessment. There is no indication, however, that Dr. Halpin was asked to provide such an assessment, and in any event it is quite clear from his progress note that he did not believe plaintiff's back condition was of significant severity. Indeed, Dr. Halpin further noted that plaintiff had "good strength in his upper and lower extremities" and was "ambulating independently." AR 592.

As noted above, the ALJ also found Dr. Wentworth's examination history was relatively benign in terms of objective findings. Plaintiff does not contest this finding (Dkt. 11, p. 5), but argues "the level of medication that [he] was prescribed and the various treatment and diagnostic options that were pursued demonstrate that not all aspects of [his] condition were being captured in the routine treatment notes" (*id.*). As important as those treatment and diagnostic options may be to plaintiff's well-being, however, the mere fact that he has been prescribed with medication does not alone establish the existence of significant functional limitations, let alone ones more severe than those the ALJ adopted. *See Gentle v. Barnhart*, 430 F.3d 865, 868 (7th Cir 2005) (noting that "[c]onditions must not be confused with disabilities," that "[t]he social security disability benefits program is not concerned with health as such, but rather with ability to engage

ORDER - 6

in full-time gainful employment," and that "[a] person can [experience mental and physical symptoms,] yet still perform full-time work"). Further, while not all aspects of his condition may have been captured in the treatment notes, plaintiff fails to point to any other objective medical evidence that is more supportive of Dr. Wentworth's opinion.

Given the lack of objective support in the record for Dr. Wentworth's opinion noted by the ALJ, the Court finds the ALJ did not err in rejecting that opinion also on the basis that it was based on plaintiff's subjective complaints. *See Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) ("A physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been 'properly discounted.'") (quoting *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir.1989)). While contrary to what the ALJ stated, it may be true that Dr. Wentworth did not base his opinion *solely* on plaintiff's subjective complaints, as discussed above Dr. Wentworth's and the other clinical findings in the record did not sufficiently support that opinion. Further, as discussed below, the ALJ properly determined that plaintiff was not entirely credible concerning his subjective complaints. Thus, here too the ALJ did not err.

Plaintiff further takes issue with the ALJ's reliance on the fact that Dr. Wentworth put the onset date of the limitations he assessed back to 1991, asserting "[t]he record suggests that Dr. Wentworth was referring to the genesis of Plaintiff's back pain, based on the correction that he made." Dkt. 11, p. 6 (citing AR 736 (crossing out "2010 (MVA)" and writing "1991 Fall"). But the section of the evaluation form in response to which Dr. Wentworth wrote the above expressly states:

**X.   THE LIMITATIONS ABOVE ARE ASSUMED TO BE YOUR OPINION REGARDING CURRENT LIMITATIONS ONLY.**

ORDER - 7

> **HOWEVER, IF YOU HAVE SUFFICIENT INFORMATION TO FORM AN OPINION WITHIN A REASONABLE DEGREE OR MEDICAL PROBABILITY AS TO PAST LIMITAITONS, ON WHAT DATE WERE THE LIMITATIONS YOU FOUND ABOVE FIRST PRESENT?**

AR 736 (emphasis in the original). There is no indication Dr. Wentworth was merely referring to the genesis of plaintiff's impairment – even though he also wrote the terms "MVA" and "Fall" – as opposed to what the question actually asks for, on what date the limitations assessed were first present for plaintiff. The ALJ did not err therefore in finding as she did here.

II.     The ALJ's Credibility Determination

Questions of credibility are solely within the control of the ALJ. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *See id.* at 579. That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. The evidence as a whole must support a finding of malingering. *See O'Donnell v. Barnhart*, 318 F.3d 811, 818 (8th

ORDER - 8

Cir. 2003).

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. *Id.*

The ALJ discounted plaintiff's credibility in part because his allegations of disabling limitations were inconsistent with the medical evidence in the record concerning his physical and mental impairments. AR 22-27. This was a valid basis for doing so. *See Regennitter v. Comm'r of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998) (the determination that a claimant's complaints are "inconsistent with clinical observations" can satisfy the clear and convincing requirement). Plaintiff argues Dr. Wentworth's opinion supports her allegations. As discussed above, though, the ALJ did not err in rejecting that opinion. Nor does the fact that the ALJ found plaintiff had a "severe" spinal impairment at step two of the Commissioner's sequential disability evaluation process (AR 18-19) call this basis for discounting plaintiff's credibility into question, as that step is merely a *de minimis* screening device to dispose of groundless claims. *Smolen*, 80 F.3d at 1290.

As plaintiff points out, a claimant's pain and symptom testimony may not be rejected "*solely* because the degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir.1991) (emphasis added); *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir.2001); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995). Here, however, the ALJ

ORDER - 9

did not confine herself to this reason as the sole basis for finding plaintiff to be less than fully credible. Rather, she went on to provide other valid reasons for doing so, none of which plaintiff challenged in her opening brief. *See Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir.1998) (matters not specifically and distinctly argued in the opening brief ordinarily will not be considered).

For example, the ALJ pointed out that plaintiff reported to one examining psychologist that he did a number of household chores and other activities, such as riding his bike and taking public transportation, that indicates he "was capable of managing simple tasks on a daily basis and having some interaction with others in public places." AR 23; *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (a claimant's activities may bear on his or her credibility if the level of activity is inconsistent with his or her claimed limitations). The ALJ also noted that plaintiff's "psychological difficulties have resulted from situational stressors." AR 24; *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (a claimant must show he or she suffers from an impairment that can be expected to result in death or that has lasted or can be expected to last for continuous period of not less than twelve months).

The ALJ in addition noted that plaintiff made several statements that were inconsistent with his claim that he had trouble interacting with others. AR 24; *Smolen*, 80 F.3d at 1284 (an ALJ may consider inconsistent statements concerning symptoms). Inconsistencies in plaintiff's statements concerning his physical impairments were noted by the ALJ as well. AR 25. The ALJ also pointed out that the evidence in the record indicated that plaintiff's mental impairments were stable and that medication was effective. AR 25, 27; *Morgan*, 169 F.3d at 599; *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998). The ALJ went on to note that plaintiff's work history was further inconsistent with allegations of being unable to work due to cognitive impairments (AR 25), and that plaintiff had indicated that his criminal history was responsible for his inability to

ORDER - 10

work (AR 26). *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (the ALJ gave "cogent reasons for disregarding [the claimant's] testimony," including because the claimant had "left his job because he was laid off, rather than because he was injured").

Finally, the ALJ pointed out that plaintiff's credibility was undermined by the fact that while he "testified that he could sit for only 20-25 minutes at a time," he "was able to sit for approximately 75 minutes during the hearing." AR 25. This too was a proper basis for discounting plaintiff's credibility. *Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002) (an ALJ may rely on a claimant's hearing demeanor as a basis for discrediting his or her testimony); *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1986); *Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992) (inclusion of personal observations of the claimant in the ALJ's findings "does not render the decision improper").[1]

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

DATED this 19th day of January, 2017.

Karen L. Strombom
United States Magistrate Judge

---

[1] Plaintiff argues the ALJ failed to explain how his presentation was inconsistent with his allegations, but clearly the ability to sit for more than an hour is inconsistent with a claim of being able to sit for only half that long.

ORDER - 11